Phillip Wm. Lear
Lear & Lear PLLC
808 E South Temple Street
Salt Lake City, UT 84102
Telephone:  (801) 538-5000
Facsimile:(801) 538-5001
Email:  phillip.lear@learlaw.com
Local Attorney for Linda P. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LINDA P. SMITH,<br><br>   *Plaintiff*<br><br>v.<br><br>XAVIER BECERRA, in his capacity as the Secretary of the United States Department of Health and Human Services,<br><br>   *Defendant* | Case No. 1:21-cv-00047-HCN-DBP<br><br>PLAINTIFF'S MOTION TO AMEND BRIEFING SCHEDULE<br><br>JURY TRIAL DEMANDED<br><br>Judge Howard Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

For the reasons set forth below, Plaintiff Linda Smith moves the Court to extend the briefing schedule in this case by 10 days so that the time period for amendment of the pleadings as of right (Fed.R.Civ.P. 15(a)(1) – 21 days) will have passed before briefing begins. The Secretary opposes this motion.[1]

On August 10, 2021, this Court held a status conference and thereafter issued a scheduling order. As discussed during the conference and in the Court's Order, Plaintiff sought an Answer compliant with the Federal Rules given the collateral estoppel and notice and comment allegations of the Complaint. Pursuant to the Court's Order, no later than August 24, 2021, the Secretary was required to file an Answer. Further, the Court ordered the Secretary to move forward with filing the certified administrative record on the Court's docket. *See* Dkt. #22.[2] Further, the Court set a briefing schedule with Plaintiff's motions for summary judgment due on September 7, 2021, and the Secretary's cross-motion due on September 21, 2021.

On August 24, 2021, the Secretary served an "Answer." In Plaintiff's view, the "Answer" fails to comply with FED.R.CIV.P. 8(b) in that it fails to admit or deny virtually all of the allegations. For example, as alleged in Paragraph 27 of the

---

[1] By way of background, Plaintiff understands from the Secretary's counsel, Mr. Bickford, that he has been tasked by the DOJ with handling all CGM cases filed by Plaintiff's counsel, wherever they are filed in the country. Thus, Mr. Bickford was the Secretary's counsel in the *Olsen* case, where "bad faith" based on litigation conduct was found.

[2] To date, the Secretary has failed to comply with the Court's Order in this regard.

Complaint, under the Secretary's regulations, a device is "durable medical equipment" (42 U.S.C. § 1395x(n)) if it is, in part, "primarily and customarily used to serve a medical purpose." *See* 42 C.F.R. 404.202. With regard to the allegations of paragraph 27 of the Complaint, the "Answer" asserts: "This paragraph consists of plaintiff's characterization of the Secretary's regulations to which no response is required. The Court is respectfully referred to the cited regulatory provision for a full and complete statement of its contents." *See* Dkt. #24 at 8.

Further, the decision (by ALJ Lambert) on which collateral estoppel is based concluded: "Thus, the ALJ finds that the continuous glucose monitor that the Appellant owns is primarily and customarily used to serve a medical purpose and not a precautionary device." Accordingly, paragraph 68 of the Complaint alleged: "In particular, ALJ Lambert found that Mrs. Smith's CGM (and related supplies) was 'primarily and customarily used to serve a medical purpose.'" With regard to the allegations of Paragraph 68 of the Complaint, the "Answer" asserts:

> This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1. No response to the legal conclusions is required and the characterizations are denied. Pursuant to 42 U.S.C. § 1935ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings. Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

*See* Dkt. #24 at 17.

Clearly, the responses neither admit nor deny the allegations of the Complaint (or, at a minimum, no person could divine whether the responses do). In Plaintiff's view, these responses (as well as all similar responses) fail to comply with FED.R.CIV.P. 8(b) and, pursuant to FED.R.CIV.P. 8(b)(6), should be deemed admissions.

The "Answer" closes with a general denial. *See* Dkt. #24 at 23. To the extent that general denial is alleged to apply, for example, to the allegations of paragraphs 27 at 68, no person could have denied the allegations in good faith and, again, the response violates FED.R.CIV.P. 8 and other Rules concerning papers filed with the Court.

While Plaintiff is prepared to file briefs and motions relying on the "Answer", pursuant to FED.R.CIV.P. 15(a)(1), the Secretary can amend the "Answer" as of right within 21 days. Thus, under the current schedule, Plaintiff could file briefs on September 7, 2021, based on the August 24, 2021, "Answer" only to have the Secretary file a new "Answer" on or before September 14, 2021. That would result in lack of notice, surprise, wasted effort/increased expense, and lead to delay and would not be appropriate.

Plaintiff's counsel has seen this movie before. In particular, in the ongoing class-action lawsuit, after extended delay, the Secretary (represented by Mr.

Bickford) filed an Answer. When an "Answer" was filed, it suffered from the same defects as the "Answer" in this case (i.e., it failed to admit or deny the allegations). Thereafter, the Secretary's counsel refused to correct the "Answer", Plaintiff's counsel filed a motion related thereto (seeking to deem the allegations admitted)[3] and, pursuant to the Scheduling Order, was required to file another paper less than 21 days after the "Answer" was served. *See Lewis v. Becerra*, Case No. 18-cv-2929 (D.D.C. Walton, J.); Dkt. #s 80, 81, 82, 85, 88. Subsequently, relying on FED.R.CIV.P. 15, 21 days after the "Answer" was served and after two motions based thereon were filed, the Secretary filed an "Amended Answer." *Id.* at Dkt. #83. As a result, the plaintiffs there were faced with, lack of notice, surprise, and wasted effort.

That same conduct should not be repeated in this case. Accordingly, Plaintiff requests that the briefing schedule be extended by 10 days so that the time for amendment as of right under FED.R.CIV.P. 15 will have passed before briefing begins. A proposed order is attached.

---

[3] As the Plaintiff showed there, responses in the form "states a legal conclusion", "to the extent …", "document speaks for itself" are manifestly improper.

4

Dated:  August 27, 2021                 Respectfully submitted,

PARRISH LAW OFFICES

*/s/  James C. Pistorino*
James C. Pistorino
*Attorneys for Plaintiffs*

LEAR & LEAR PLLC

*/s/ Phillip Wm. Lear*
Phillip Wm. Lear
*Attorneys for Plaintiff*