**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| LINDA P. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:21-cv-47-HCN-DBP |
| | ) |
| XAVIER BECERRA, in his official | ) |
| capacity as Secretary of Health and | ) |
| Human Services, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR AN EXTENSION OF TIME**

Plaintiff insisted that an answer be filed in this case, notwithstanding Local Civil Rule 7-4(a)(1)(A).  The day after the Secretary filed his answer, Plaintiff's counsel informed undersigned counsel that Plaintiff "does not believe that it complies with the requirements of Rule 8," "believes that the failures to admit/respond are in 'bad faith' and that your signature was applied thereto in violation of Rule 11," and "anticipates that the 'Answer' served yesterday will be the subject of a Rule 11 motion and/or a motion for fees under the 'bad faith' provisions of 28 USC 2412."  Ex. A at 2.[1]  Plaintiff's counsel did not identify any particular issue with the Secretary's answer, *id.*, and did not respond to an offer to meet and confer regarding any response or responses with which Plaintiff might have a concern, *id.* at 1.  Plaintiff's counsel also indicated that "Plaintiff intends to move the Court to extend all the briefing deadlines by 10 days so that the amendment as of right period of Rule 15 will elapse before the briefing starts."  *Id.* at 2.  Plaintiff has now filed that motion.

---

[1] A true and correct copy of this correspondence is attached as Exhibit A.

Plaintiff is apparently seeking an extension of the briefing schedule so that she can raise objections to the Secretary's answer after his time to amend as of right has expired, rather than presenting them beforehand. Although the Secretary would not ordinarily oppose a request for a relatively short extension at the start of summary judgment briefing, he does oppose an extension for this purpose.

In her extension motion, Plaintiff takes issue with paragraphs 27 and 68 of the Secretary's answer. Paragraph 27 of the complaint characterizes statutes and regulations, as follows:

> The Secretary has issued regulations further setting forth a five-part test to determine whether equipment is "durable medical equipment" within the meaning of [42 U.S.C.] § 1395x(n) (see 42 C.F.R. § 404.202). Equipment is considered "durable medical equipment" if it:
>
> a) Can withstand repeated use;
> b) Has an expected life of at least 3 years;
> c) Is primarily and customarily used to serve a medical purpose;
> d) Generally is not useful to an individual in the absence of illness or injury; and
> e) Is appropriate for use in the home.

This paragraph cites to a regulation that does not exist—there is no 42 C.F.R. § 404.202—and provides a paraphrase rather than the precise text of the regulation at 42 C.F.R. § 414.202. In addition to being pointless (there is no reason to allege the existence of a regulation) the allegations are incorrect. The Secretary's appropriate response was: "This paragraph consists of plaintiff's characterizations of the Secretary's regulations, to which no response is required. The Court is respectfully referred to the cited regulatory provision for a full and complete statement of its contents." The Secretary's general denial of these inaccurate allegations was also justified, despite Plaintiff's assertion that "no person could have denied the allegations in good faith and . . . the response violates FED.R.CIV.P. 8 and other Rules concerning papers filed with the Court." Pl.'s

Mot. at 3.  There is no obligation for the Secretary to agree to a mis-cited paraphrase, when the true and correct regulation is publicly available.

Paragraph 68 of the complaint characterizes a document in the administrative record, a decision issued by the administrative law judge in ALJ Appeal No. 1-6020086584R1.  The paragraph is a single sentence: "In particular, ALJ Lambert found that Mrs. Smith's CGM (and supplies) was 'primarily and customarily used to serve a medical purpose.'"  The phrase "Mrs. Smith's CGM" appears throughout the complaint.  In some cases, it apparently refers to the device for which supplies were provided on October 29, 2015.  *See* Compl. ¶¶ 59, 61–62, 66, 68–72 (discussing ALJ Appeal Nos. 1-6020086584 & 1-6020086584R1).  In other cases, it seems to refer to a device provided on December 13, 2016,[2] for which supplies were provided on November 16, 2017 and May 15, 2018.  *See* Compl. ¶¶ 78, 83–84, 89–90, 94–95.  Coverage of the December 2016 device and the November 2017 claim for supplies were at issue in ALJ Appeal No. 1-8048536100, while the May 2018 claim for supplies was at issue in ALJ Appeal No. 1-8048583213; those two ALJ decisions were affirmed in the Medicare Appeals Council decision under review here.  When the complaint speaks of "Mrs. Smith's CGM," therefore, it seems to be alleging that the device for which supplies were provided in October 2015 and the device that was itself provided in December 2016 were one and the same.[3]  That would be a relevant fact for

---

[2] As the Court is aware, the device provided in December 2016 was an insulin pump that also receives information about a patient's interstitial glucose levels.  The precise nature of the device for which supplies were provided in October 2015 is not clear from the decisions in ALJ Appeal Nos. 1-6020086584 and 1-6020086584R1, which simply refer to it as a "continuous glucose monitor."

[3] *Compare, e.g.*, Compl. ¶ 69 ("ALJ Lambert also found that Mrs. Smith's CGM (and supplies) was 'durable medical equipment.'" (discussing October 2015 claim)) *with id.* ¶ 84 ("In particular, ALJ Win found that Mrs. Smiths' [sic] CGM (and supplies) were not 'durable medical equipment' as defined in CMS 1682-R." (discussing device provided December 2016)).

Plaintiff's argument that the earlier ALJ ruling should have collaterally estopped the Medicare Appeals Council from issuing the decision challenged here. But as a simple matter of chronology, it cannot be true. The Secretary's general denial was therefore justified, as applied to paragraph 68, as was his specific denial of "plaintiff's . . . characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1." Answer, ¶ 68. Plaintiff's assertion that "no person could have denied the allegations in good faith and . . . the response violates FED.R.CIV.P. 8 and other Rules concerning papers filed with the Court" is again baseless. Pl.'s Mot. at 3.

Undersigned counsel would happily have explained the Secretary's position to Plaintiff's counsel had he accepted the invitation to meet and confer regarding what Plaintiff apparently believes to be serious issues with the Secretary's answer. The Secretary remains willing to meet and confer, and to amend his answer as necessary. But given the course of proceedings in this case and related litigation, one might reasonably suspect that preserving the ability to make allegations of bad faith, prejudice, and delay is of greater interest than resolving any putative issues with the Secretary's answer.

As the Court is aware, this is not the first case in which Plaintiff's counsel has represented a Medicare beneficiary seeking coverage for a continuous glucose monitor or related supplies. In *Lewis v. Becerra*, No. 18-cv-2929 (D.D.C.), Plaintiff's counsel represents two beneficiaries in a putative class action. The Secretary filed a partial motion to dismiss in May 2019. While that motion was pending, the parties completed discovery and the plaintiffs moved for class certification. In the course of discovery, the Secretary responded to numerous interrogatories and requests for admission and production; in class certification briefing, the Secretary explained his position in detail and at length. In January 2021, the *Lewis* court resolved the pending motion to dismiss, granting it in part and denying it in part. The court also denied the motion for class

certification, without prejudice.  The Secretary then filed his answer, and plaintiffs renewed their motion for class certification.  Notwithstanding all of the earlier discovery and briefing in which the Secretary had carefully laid out his position, plaintiffs argued in their second class certification motion that "all the allegations relating to the requirements of class certification" should be "deemed admitted" because of supposedly defective general denials in the Secretary's answer. *Lewis*, ECF No. 81 at 5.  "[I]n an effort to avoid unnecessary litigation of procedural disputes, the Secretary . . . amended his answer in accordance with Federal Rule of Civil Procedure 15(a)(1)(A) to provide more specific denials."  *Lewis*, ECF No. 85 at 2.  Plaintiffs then complained that they had "filed their [second] motion for class certification without knowing which bases [for class certification] were disputed," despite the fact that plaintiffs' renewed motion did little more than incorporate by reference their original class certification motion, which the Secretary had fully opposed almost a year before.  *Lewis*, ECF No. 86 at 7.

The Secretary's answer in this case resembled his amended answer in *Lewis*.  Given the course of the litigation in that case, it is not entirely surprising that Plaintiff here insisted on the filing of an answer and then objected to the answer that was filed.  But the legal issues in this case are well defined, and do not turn on any particular detail of the parties' pleading.  The Court is conducting judicial review of agency action.  Plaintiff alleges that the Medicare Appeals Council was bound, as a matter of collateral estoppel, by a decision in another, earlier case resolved at a lower level of the administrative appeals process.  The Secretary denies that this is so.  Plaintiff also alleges that she is entitled to coverage of her claim because of putative procedural deficiencies in CMS Ruling 1682-R.  The Secretary again denies that this is so.  To the extent that Plaintiff has genuine concerns that the Secretary's answer may somehow impede the course of this litigation, the Secretary is willing to attempt to resolve them in good faith.  Here, as in *Lewis*, the Secretary

would prefer to avoid unnecessary litigation of procedural disputes.  But if the point of the procedural dispute is to support accusations of misconduct, it may be difficult to resolve.

Plaintiff asks the Court to extend the briefing schedule so that Plaintiff can file her motion for summary judgment after the Secretary's time to amend has expired.  Yet Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave" to amend an answer or another pleading "when justice so requires," notwithstanding the lapse of a party's period to amend the pleading as of right.  If the Court were to proceed as Plaintiff suggests, the Secretary expects that Plaintiff's summary judgment motion would argue that the Secretary's answer admitted a wide range of allegations, for reasons that Plaintiff has declined to articulate outside of this extension motion (and only briefly here).  If the Secretary then sought leave to amend for the purpose of resolving any dispute regarding the effect of his answer, he anticipates that Plaintiff would oppose on the grounds that the motion for leave to amend was part of a bad faith campaign of evasion and delay, and that she had been prejudiced by filing her summary judgment motion without the benefit of an amended answer.

There is no reason to litigate a straightforward case with discrete legal issues in this manner. If Plaintiff has genuine concerns with the answer that has been filed here, the Secretary is happy to meet and confer and attempt to resolve them before the start of summary judgment briefing.  If an extension was necessary to facilitate that process, the Secretary would not oppose it.  But this Court should not grant an extension the express purpose of which is for Plaintiff to ensure that the Secretary's time to amend as of right has run before she raises detailed objections to his answer.

Dated:  August 31, 2021                        Respectfully submitted,

                                               BRIAN M. BOYNTON
                                               Acting Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*