Phillip Wm. Lear
Lear & Lear PLLC
808 E South Temple Street
Salt Lake City, UT 84102
Telephone:  (801) 538-5000
Facsimile:(801) 538-5001
Email:  phillip.lear@learlaw.com
Local Attorney for Linda P. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LINDA P. SMITH,<br><br>　　*Plaintiff*<br><br>v.<br><br>XAVIER BECERRA, in his capacity as the Secretary of the United States Department of Health and Human Services,<br><br>　　*Defendant* | Case No. 1:21-cv-00047-HCN-DBP<br><br>REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND BRIEFING SCHEDULE<br><br>JURY TRIAL DEMANDED<br><br>Judge Howard Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

Plaintiff's motion should be granted.

Over the Secretary's objection, on August 10, 2021, this Court ordered the Secretary to file an Answer to the Complaint by August 24, 2021 (*i.e.*, nearly five months after the Complaint was filed). The purpose of an Answer is, of course, to put the plaintiff and the Court on notice of what is disputed and what is not disputed. Any denials must "fairly respond to the substance of the allegation" (FED.R.CIV.P. 8(b)(2)) and must also be in good faith (in addition to complying with other obligations under the Rules). In addition, if only part of an allegation can be denied in good faith, the defendant must deny only that part and must admit the rest. *See* FED.R.CIV.P. 8(b)(4).

Rather than complying with this Court's Order and the Federal Rules, the Secretary served an "Answer" that failed to admit or deny the allegations of the Complaint in virtually all instances. Having previously been notified that responses such as "legal conclusion to which no response is required", "document speaks for itself", and "to the extent" are manifestly improper, the Secretary chose to repeat that conduct here. Importantly, deeming matters admitted as a result of a failure to properly deny is not a sanction. Instead, it is merely the operation of the Rules. *See, e.g., Perez v. El Tequila, LLC.*, 847 F.3d 1247, 1254 (10th Cir. 2017).

On the present motion, the Secretary seeks to defy the Court's Order and the Federal Rules by delaying a proper response to the Complaint until after summary

1

judgment briefing has begun. Once that briefing has begun, the Secretary indicates he may seek "leave to amend to resolve any dispute regarding the effect of his answer." Opp. at 6. That is the very game Plaintiff seeks to avoid but that may be unavoidable if subject to the amendment as of right provisions of FED.R.CIV.P. 15(a)(1).

In opposition to the present motion, the Secretary contends that the Plaintiff does not really need an Answer because "the legal issues in this case are well defined, and do not turn on any particular detail of the parties' pleading." Opp. at 5. This Court already rejected arguments like that when, over the Secretary's objection, the Court ordered the Secretary to file an Answer. The Secretary's failure to file an Answer complying with the Rules is simple defiance.

The Secretary also offers a convoluted justification for why he refused to provide admissions or denials (but then attempts to rely on a general denial). Opp. at 2-4. For example, ALJ Lambert held: "Thus, the ALJ finds that the continuous glucose monitor that the Appellant owns is primarily and customarily used to serve a medical purpose and is not a precautionary device."[1] With respect to exactly what

---

[1] By way of background, under the Secretary's regulations, if a device qualifies as covered "durable medical equipment", then supplies/consumables for that device are also covered even though, if considered individually, they would not qualify. Thus, e.g., because the receiver/insulin pump portion of a CGM system meets the criteria to eb considered "durable medical equipment", sensors for use with the receiver/insulin pump portion also qualify

2

ALJ Lambert concluded, Plaintiff mirrored that in Paragraph 68 of the Complaint. The Secretary failed to admit or deny the allegation of Paragraph 68 but now says he is relying on his general denial based on nonsensical, chronological reasoning and the Secretary's strained readings.[2] For the purposes of the present motion, this Court need not decide whether the Secretary's justifications have merit or not. All the Court need decide is whether the Secretary should be able to avoid the consequences of making/relying on them and depriving Plaintiff of the notice required by the Rules. Having engaged in exactly that tactic before, the Secretary should not be permitted to repeat it.

Finally, the Secretary pleas for more discussion about the improper "Answer" to resolve it in "good faith" and that he "would happily have explained." Opp. at 4-6. Respectfully, pretended ignorance is a form of evasion, harassment, and a cause of unnecessary delay and needless increase in the costs of litigation that is barred by

---

[2] By way of background, the CGM industry is, in some ways, similar to the cellphone industry with which the Court might be more familiar. For example, every year or two, Apple releases a new iPhone with improved features. Sometimes the same attachments (*e.g.*, headphones and power cords) that worked with the old iPhone work with the new iPhone. Sometimes they do not because the connector changes. Nevertheless, the headphones and power cords still perform the same function. Likewise, CGM manufacturers release new CGMs with improved features on a regular basis. Sometimes, the attachments (*e.g.*, sensors and transmitters) that worked with the old CGM receiver/insulin pump work with the new CGM receiver/insulin pump. Sometimes they do not because of differing transmission protocols, etc. Nevertheless, the sensors and transmitters still perform the same function.

3

the Rules.[3]  This Court set August 24, 2021, as the date for compliance with its Order – not the date to begin discussion about whether the Secretary would comply.

If the Secretary's "Answer" complies with the Rules, then extending the briefing schedule by 10 days will not prejudice the Secretary and there is no reason not to extend.  Let the consequences fall where they may.[4]  Conversely, if the "Answer" violates the Rules (as Plaintiff contends), then requiring the Plaintiff to file briefing while the Secretary can avoid the effects of the improper "Answer" prejudices Plaintiff and results in unnecessary burden on this Court.

Under the Rules, an Answer serves an important purpose and has consequences.  The Secretary should not be able to avoid those consequences and deprive the Plaintiff of the notice required by the Rules and this Court's Order.

Plaintiff's motion should be granted.


Dated:  September 2, 2021                 Respectfully submitted,

                                          PARRISH LAW OFFICES


                                          /s/  James C. Pistorino
                                          James C. Pistorino
                                          *Attorneys for Plaintiffs*

---

[3] For the Court's convenience, attached as Exhibit A is a copy of the prior motion (served six months ago) putting the Secretary on notice that these practices are improper (even assuming that a lawyer did not know that).

[4] Less than five months ago, both the Secretary and his counsel were found to have engaged in "bad faith" in a decision they did not appeal.

LEAR & LEAR PLLC


*/s/ Phillip Wm. Lear*
Phillip Wm. Lear
*Attorneys for Plaintiff*