IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LINDA P. SMITH, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1:21-cv-47-HCN-DBP |
| XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, | ) |
|     Defendant. | ) |

**MOTION TO CLARIFY BRIEFING SCHEDULE
OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

At the status conference held on August 10, the parties agreed that summary judgment briefing would proceed in four phases: 1) Mrs. Smith's motions for summary judgment; 2) the Secretary's cross-motion and opposition; 3) Mrs. Smith's opposition and replies; and 4) the Secretary's reply in support of his cross-motion.[1]  The Court's minute order provided that "Plaintiff shall file her Motion(s) for Summary Judgment no later than September 7, 2021 and Defendant shall file its Cross Motion(s) for Summary Judgment no later than September 21, 2021." ECF No. 22.

Mrs. Smith filed two motions for summary judgment on September 7, *see* ECF Nos. 28 & 29, and the Secretary filed a combined cross-motion and opposition on September 21, *see* ECF

---

[1] The conference was recorded, but no court reporter was present.  According to undersigned counsel's rough transcript of the recording (beginning at 50:52), he asked if the parties would "be operating on a three-brief or a four-brief schedule" for summary judgment.  Mrs. Smith's counsel responded "I assume he's asking . . . I'll file a motion, he'll file an opposition/cross-motion, I'll file a reply slash opposition, he'll file a reply on his own motion . . . I think, is that the question?"  Undersigned counsel and the Court responded in the affirmative, and Mrs. Smith's counsel said "that's fine, fine with us."  Shortly thereafter, the Court said "Mr. Bickford, it sounds like he's comfortable with your proposal on the procedure going forward, OK?"

Nos. 31 & 32.  Under Local Civil Rule 7-1(b)(3)(A), Mrs. Smith's replies were due October 5, but her opposition to defendant's cross-motion is not due until October 19.  On October 5, Mrs. Smith filed two replies in support of her motions.  *See* ECF Nos. 37 & 38.  Undersigned counsel wrote to Mrs. Smith's counsel the following day, to inquire whether she intended to file a separate opposition brief or meant for her replies to serve as an opposition to the Secretary's cross-motion, but did not receive a response.[2]

In a minute order entered Monday, the Court observed that "[b]riefing on the parties' cross motions for summary judgment is now complete," ECF No. 39, although Mrs. Smith has not opposed the Secretary's cross-motion, and the Secretary has not replied.  The Secretary therefore respectfully moves to clarify the briefing schedule to provide for four rounds of briefing, as the parties agreed at the August status conference.  Specifically, the Secretary asks that the schedule be clarified to provide that:

- Mrs. Smith may oppose the Secretary's cross-motion for summary judgment on or before October 19, 2021;

- If Mrs. Smith does not file a separate opposition, her replies in support of her motion for summary judgment shall be deemed an opposition to the Secretary's cross-motion; and

- The Secretary may reply in support of his cross-motion on or before November 2, 2021.

In the alternative, the Secretary respectfully moves this Court for leave to file a surreply.  At least two issues, raised for the first time in Mrs. Smith's replies, merit a surreply here.  *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) ("Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply.").  The first concerns the scope of this Court's review under 42 U.S.C. § 1395ff(b).  The

---

[2] Undersigned counsel was out of the office October 7 and 8 to attend a family funeral.

2

Secretary has argued that Mrs. Smith "cannot obtain vacatur of a CMS Ruling in a case for 'judicial review of the Secretary's final decision' on individual Medicare coverage claims." ECF No. 32 at 2 (quoting 42 U.S.C. § 1395ff(b)(1)(A)). On reply, Mrs. Smith contended that this argument was "foreclosed by . . . the Supreme Court's decision in *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667 (1986)," which "was brought under 42 U.S.C. § 1395ff(b) through 42 U.S.C. § 405(g)," "[j]ust like Mrs. Smith's suit in this case." ECF No. 37 at 4–5.

But *Michigan Academy* was not brought under 42 U.S.C. § 1395ff(b). "The Medicare statute, as it then existed, provided for only limited review of Part B decisions," and did not authorize challenges to regulations. *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 16 (2000). *Michigan Academy* held that although jurisdiction to hear such challenges "was not available under § 405(g)," as incorporated by § 1395ff(b), "the silence did not itself foreclose other forms of review, say, review in a court action brought under [28 U.S.C.] § 1331." *Id.* (citing *Michigan Academy*, 476 U.S. at 674–78). And the Court concluded that such review was not barred by § 405(h), either. *Id.* at 16–20 (discussing *Michigan Academy*). The case therefore proceeded outside of "[t]he reticulated statutory scheme" imposed by § 1395ff(b), "which carefully details the forum and limits of review." *Michigan Academy*, 476 U.S. at 675.

Plaintiff is therefore wrong to say that *Michigan Academy* "was brought under 42 U.S.C. § 1395ff(b)," "[j]ust like Mrs. Smith's suit in this case." ECF No. 37 at 4–5. And that error matters, because although Mrs. Smith's suit may have been able to proceed *outside of* § 1395ff(b) at the time of *Michigan Academy*, a subsequent amendment to that statute brought this case within its scope. *See Nat'l Kidney Patients Ass'n v. Sullivan*, 958 F.2d 1127, 1131–34 (D.C. Cir. 1992). A surreply is warranted so that the Secretary can provide the Court with a concise account of this complex subject, which Mrs. Smith raised for the first time in her reply.

3

A surreply is also warranted so that the Secretary can address Mrs. Smith's contention (made for the first time on reply) that the Secretary was required to plead as an affirmative defense Mrs. Smith's failure to exhaust her collateral estoppel argument through the administrative process.  *See* ECF No. 38 at 4–5.  Failure to administratively exhaust an issue is not among the affirmative defenses which a defendant must plead under Federal Rule of Civil Procedure 8(c)(1), and is not encompassed by that Rule's reference to "waiver."  And even if it were, the Secretary's failure to plead the defense would not prevent him from raising it on summary judgment, because Mrs. Smith has had a full opportunity to respond to the argument here.  *See, e.g.*, *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1077 (10th Cir. 2009).  The Secretary should therefore be granted leave to address the scope and effect of Rule 8(c) in a surreply.

For the reasons set forth above, the Secretary respectfully asks this Court to clarify the briefing schedule to provide for a reply in support of his cross-motion or, in the alternative, to grant the Secretary leave to file a surreply.  Undersigned counsel wrote to Mrs. Smith's counsel yesterday, to ask for her position on this motion, but has not received a response.

Dated:  October 13, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov

Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*