IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| LINDA P. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-47-HCN-DBP |
| | ) | |
| XAVIER BECERRA, in his official | ) | |
| capacity as Secretary of Health and | ) | |
| Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY IN SUPPORT OF MOTION TO CLARIFY BRIEFING SCHEDULE
OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

As the Secretary explained in his motion to clarify the briefing schedule or, in the alternative, for leave to file a surreply, Mrs. Smith filed two motions for summary judgment[1] on September 7, *see* ECF Nos. 28 & 29, and the Secretary filed a combined cross-motion and opposition on September 21, *see* ECF Nos. 31 & 32.  Under Local Civil Rule 7-1(b)(3)(A), Mrs. Smith's replies were due October 5, and her opposition to defendant's cross-motion would be due tomorrow, October 19.  On October 5, Mrs. Smith filed two briefs which she docketed as replies. *See* ECF Nos. 37 & 38.  On October 6, undersigned counsel wrote to Mrs. Smith's counsel to inquire whether she intended to file a separate opposition brief, or instead meant for her replies to

---

[1] At the August 10 status conference, Mrs. Smith's counsel said that she would prefer to file two separate motions for summary judgment.  At approximately 51:44 of the audio recording, according to a rough transcript prepared by undersigned counsel, the Court replied: "I'd prefer them be together, but I don't object to them being separate motions to address discrete issues." The Court's docket order was similarly permissive, allowing for one or more "Motion(s) for Summary Judgment" and "Cross Motion(s) for Summary Judgment."  ECF No. 22.  Mrs. Smith's suggestion that the Secretary, by filing a consolidated brief in support of his cross-motion and in opposition to her motions, acted in "defiance of the Court's Order on separate briefing," ECF No. 43 at 2, has no grounding in the orders actually entered by this Court.

serve as an opposition to the Secretary's cross-motion.  Undersigned counsel did not receive a

response.

On October 12, undersigned counsel again wrote to Mrs. Smith's counsel, still unsure of

how Mrs. Smith intended to proceed, and proposed a schedule under which:

- Mrs. Smith could oppose the Secretary's cross-motion for summary judgment on or before October 19, 2021;

- If Mrs. Smith did not file a separate opposition, her replies in support of her motion for summary judgment would be deemed an opposition to the Secretary's cross-motion; and

- The Secretary could reply in support of his cross-motion on or before November 2, 2021.

Having again received no response, the Secretary filed a motion to that effect on October 13.  *See*

ECF No. 41.  The following day—Thursday, October 14—this Court ordered the parties to meet

and confer by today (October 18) and "submit a stipulated, proposed briefing schedule" once an

agreement was reached.  ECF No. 42.  Undersigned counsel wrote to Mrs. Smith's counsel shortly

thereafter, seeking to meet and confer.

Undersigned counsel finally received a substantive response this afternoon.  Mrs. Smith's

counsel noted for the first time that her reply brief regarding collateral estoppel was also

captioned—though not docketed—as an opposition to the Secretary's cross-motion.  *See* ECF No.

38 at 1.  (Her reply brief regarding CMS Ruling 1682-R was neither so captioned nor so docketed.

*See* ECF No. 37 at 1.)  Mrs. Smith's position is that the Secretary's reply regarding collateral

estoppel is therefore due tomorrow, October 19, and that the Secretary is not entitled to a reply

regarding CMS Ruling 1682-R.  ECF No. 43 at 2–3.  The basis for that latter position is not entirely

clear, although Mrs. Smith appears to believe that the Secretary never properly cross-moved for

summary judgment with regard to CMS Ruling 1682-R, and that she therefore had no grounds to

reply on that subject. *Id.* at 1. *But see* ECF No. 31 at 2 (cross-motion arguing that "[b]ecause issue preclusion does not apply here, and vacatur of a CMS Ruling is not authorized, . . . summary judgment should be entered in favor of the Secretary").

The parties have not been able to agree on a stipulated briefing schedule, but the Secretary understands that Mrs. Smith does not intend to make any further filings in support of her motions for summary judgment. Given the confusion created by Mrs. Smith's filings—neither of which was docketed as an opposition, and only one of which was so captioned—and the failure of her counsel to make a timely response to requests for clarification of her intent, the Secretary respectfully submits that this Court should order the reply in support of the Secretary's cross-motion for summary judgment, addressing both collateral estoppel and CMS Ruling 1682-R, to be filed on or before November 2, 2021.

Dated:  October 18, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*