Phillip Wm. Lear
Lear & Lear PLLC
808 E South Temple Street
Salt Lake City, UT 84102
Telephone: (801) 538-5000
Facsimile:(801) 538-5001
Email: phillip.lear@learlaw.com
Local Attorney for Linda P. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LINDA P. SMITH,<br><br>   *Plaintiff*<br><br>v.<br><br>XAVIER BECERRA, in his capacity as the Secretary of the United States Department of Health and Human Services,<br><br>   *Defendant* | Case No. 1:21-cv-00047-HCN-DBP<br><br>LINDA SMITH'S OPPOSITION TO CROSS-MOTION<br><br>JURY TRIAL DEMANDED<br><br>Judge Howard Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

Pursuant to this Court's Order of October 20, 2021 (Dkt. #45), Plaintiff Linda Smith files this opposition to the Secretary's "motion" related to the illegal issuance of CMS 1682-R. As requested in Mrs. Smith's own motion (Dkt. #28), this Court should vacate CMS 1682-R as illegally issued (in violation of 42 U.S.C. § 1395hh) and (pursuant to 42 U.S.C. § 405(g) (fourth sentence) remand this matter with instructions to provide coverage for the claims at issue.

## DISCUSSION

With respect to CMS 1682-R, the Secretary's opposition (Dkt. #32) to Mrs. Smith's motion which is being as a "cross-motion" consists of a single page of briefing. Opp. at 17. There, the Secretary does not contest the fact that, pursuant to 42 U.S.C. § 1395hh, the Secretary was required to publish CMS 1682-R in the Federal Register for notice and comment, at least 60 days before CMS 1682-R went into effect. Likewise, the Secretary does not contest the fact that the Secretary did not do so and that, accordingly, CMS 1682-R issued illegally and, pursuant to 42 U.S.C. § 1395hh(a)(2), "no rule, requirement, or other statement of policy" not in compliance "shall take effect."

Instead, the Secretary offers two defenses.

First, the Secretary alleges that, under 42 U.S.C. § 405(g), this Court lacks the power to vacate an illegally issued ruling. There is not a scintilla of support for this charge. At base, §§ 405(g) and 405(h) work together to require that nearly all claims

1

related to Social Security Administration (SSA) and Medicare are "channeled" through the appeals process to result in a "final" decision of the Secretary. Section 405(h) is an explicit declaration that jurisdiction in SSA and Medicare cases may not be founded on two specific statutes (28 U.S.C. §§ 1331 and 1346). But § 405(h) only precludes jurisdiction based on the two specific statutes mentioned and not on other bases.

Thus, for example, numerous courts have held that jurisdiction and remedies available under 28 U.S.C. § 1361 (action to compel officer of United States) are proper in SSA and Medicare cases. *See, e.g., Burnet v. Bowen*, 830 F.2d 731, 736-39 (7th Cir. 1987); *Ganem v. Heckler*, 746 F.2d 844, 850-52 (D.C. Cir. 1984) ("We therefore agree with every other court of appeal that has considered the question and hold that § 405(h) does not preclude the exercise of mandamus jurisdiction."); *Hinton v. Astrue*, 919 F.Supp.2d 999, 1003-4 (S.D. Iowa 2013).

The Secretary's reliance on *Porzecanski v. Azar*, 943 F.3d 472 (D.C. Cir. 2019) is misplaced. Consistent with the mandate of the Supreme Court in *Shalala v. Illinois Council on Long Term Case, Inc.*, 529 U.S. 1 (2000), *Porzecanski* merely held that, generally speaking, claims must be "presented" to the Secretary and "channeled" through the administrative process before a court has jurisdiction to consider them. As the Supreme Court noted in *Illinois Council*:

2

> The Council's members remain free, however, after following the special review route that the statutes prescribe, to contest in court the lawfulness any regulation or statute upon which any agency determination depends. … And a court reviewing an agency determination under § 405(g) has adequate authority to resolve any statutory or constitutional contention that the agency does not or cannot decide, including, where necessary, the authority to develop an evidentiary record.

*Id*. at 23-24 (cleaned-up).

In the present case, it is beyond dispute that Mrs. Smith "presented" her claims to the Secretary, that she "channeled" them through the review process, and exhausted that process before getting a "final decision." Accordingly, consistent with all the cases, pursuant to § 405(g), this Court has jurisdiction to consider this case and, having that jurisdiction, has jurisdiction to render any relief available under, for example, 5 U.S.C. § 706 (*i.e.*, the Administrative Procedure Act). Indeed, with jurisdiction premised on § 405(g), each of the causes of action in this case cites to provisions of the APA that were violated. The position offered by the Secretary flies in the face of the Supreme Court's statements in *Illinois Council*.

Indeed, the Secretary cites the Court of Appeals decision in *Allina Health Services v. Sebelius*, 746 F.3d 1101 (D.C. Cir. 2014) (Opp. at 17) but that case affirmed vacatur of a rule adopted without complying with the notice and comment provisions of § 1395hh. *Id*. at 1110-11 ("To be sure, although vacatur is the normal remedy, we sometimes decline to vacate an agency's action. First, deficient notice is a 'fundamental flaw" that almost always requires vacatur.") *See also Id*. at n. 5

3

(discussing the propriety of vacatur under both the APA and § 1395hh). Thus, the very cases relied on by the Secretary support Mrs. Smith's position and refute the Secretary's.

Having argued that this Court lacks the power to grant any relief not specifically enumerated in § 405(g), secondly, the Secretary argues that this Court should not/cannot grant the relief specifically enumerated. Opp. at 17. Again, there is nothing to that.

Under 405(g), this Court may enter "a judgment affirming, modifying, or reversing the decision of the [Secretary], *with or without remanding the cause for a rehearing*." (emphasis added). Thus, a court clearly has the power to enter a judgment without remand. Whether a court should do so would depend on the facts of the case. *See, e.g., Maupin v. Azar*, 424 F.Supp.3d 830, 838-39 (C.D. Cal. 2019).

In the present case, given that the sole basis for denial was the illegally issued CMS 1682-R, there is no other basis for denying Mrs. Smith's claims, and the claims should be approved. In addition/the alternative, the Secretary is collaterally estopped from denying coverage in light of the prior, final, decision in Mrs. Smith's favor.

## CONCLUSION

For the reasons set forth above, Mrs. Smith's should be granted and the Secretary's denied.

Dated:  October 26, 2021

Respectfully submitted,

PARRISH LAW OFFICES

*/s/  James C. Pistorino*
James C. Pistorino
*Attorneys for Plaintiffs*

LEAR & LEAR PLLC

*/s/ Phillip Wm. Lear*
Phillip Wm. Lear
*Attorneys for Plaintiff*