Brian M. Boynton, Principal Deputy Assistant Attorney General
Michelle R. Bennett, Assistant Director
Lisa Zeidner Marcus, Senior Counsel
U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
FEDERAL PROGRAMS BRANCH
1100 L St., NW, Twelfth Floor
Washington, DC 20530
Tel: (202) 514-3336
lisa.marcus@usdoj.gov
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LINDA P. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>XAVIER BECERRA,<br>in his official capacity as Secretary of<br>Health and Human Services,<br><br>Defendant. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES**<br><br>Case No. 1:21-cv-47 (HCN)<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

**Table of Contents**

A.   Introduction ........................................................................................................................ 1

B.   Background ........................................................................................................................ 1

C.   EAJA Section 2412(d) Fees ............................................................................................... 3

    1.   Framework ................................................................................................................. 3

    2.   Hourly Rate ................................................................................................................ 4

    3.   Eligible/Reasonable Hours ......................................................................................... 5

    4.   Costs ........................................................................................................................... 9

D.   Plaintiff Is Not Entitled To Fees Under EAJA Section 2412(b) ("Bad Faith" Fees) ............. 9

E.   Conclusion ........................................................................................................................ 10

**A.     Introduction**

While the Secretary of Health and Human Services does not object to an Equal Access to Justice Act (EAJA) award in this case, *see* 18 U.S.C. § 2412, the amount of attorney's fees sought by plaintiff is unreasonable under the particular facts and circumstances here. Immediately at the outset of this case and repeatedly throughout the litigation, the Secretary confessed error and asked the Court to enter judgment in *plaintiff's favor*, which plaintiff continuously *opposed*. Plaintiff sought broader relief that was not granted by this Court and ultimately adjudged moot by the Tenth Circuit. Any award of fees under section 2412(d) must take into account plaintiff's limited success, the amount of litigation effort she spent on unnecessary and unsuccessful aspects of the case, and her unreasonable protraction of the final resolution of this matter. Further, contrary to plaintiff's assertion, she is not eligible for "bad faith" fees under section 2412(b).

**B.     Background**

This case arises from the denial of three Medicare reimbursement claims, which the Complaint alleged were worth a total of $2,838, Compl. ¶ 93, that plaintiff submitted between 2016 and 2018 seeking coverage of an insulin pump and supplies. In denying coverage, the Medicare Appeals Council ("MAC") treated plaintiff's claims as if they related to a standalone continuous glucose monitor ("CGM") rather than an insulin pump with CGM functionality.

Plaintiff filed suit on April 5, 2021, seeking not only payment for her three claims, but also additional forms of relief including (a) an order setting aside CMS-1682-R, a 2017 policy providing that certain CGMs are not covered by Medicare, and (b) an order finding that all CGMs meet the statutory definition of "durable medical equipment." Compl. at 22.

Pursuant to local rules, the Secretary initially filed a response in lieu of an answer to the complaint, in which he confessed error. The Secretary admitted that the MAC had "erred in denying coverage" for plaintiff's MiniMed 630G System, which is "a durable insulin pump … covered as durable medical equipment under the Medicare statute and regulations." ECF 10 at 1.

1

The Secretary further explained that the claims for disposable sensors used with the insulin pump were denied based on CMS-1682-R. *Id.* But, the Secretary conceded, "[t]his denial was also erroneous, because it failed to consider … whether the sensors were reasonable and necessary for the operation of the insulin pump function of the device, which uses sensor data to determine when to automatically shut off the flow of insulin." *Id.* Accordingly, the Secretary asked the Court to enter judgment in plaintiff's favor and remand to the Secretary for payment of the claim for the insulin pump and determination of whether the sensors should be covered as reasonable and necessary for the operation of the insulin pump. *Id.* at 2.

Plaintiff objected to the resolution of this matter as proposed by the Secretary because it did not provide plaintiff with all the "relief set forth in the Complaint," including an order declaring that CMS-1682-R had been illegally issued because it failed to comply with notice-and-comment rulemaking requirements. ECF 17 at 3, 2. Additionally, plaintiff explained that she sought to file a summary-judgment motion in support of her theory that the MAC was bound, as a matter of collateral estoppel, by a decision in another, earlier case resolved at a lower level of the administrative appeals process. ECF 13 at 2-3.

Thereafter, plaintiff filed two motions for summary judgment: one seeking vacatur of CMS-1682-R, ECF 28, and the other seeking a ruling regarding collateral estoppel, ECF 29. Plaintiff's motions failed to address the Secretary's confession of error, and conspicuously declined to argue that the MAC's decision was substantively invalid. *Id.*; *see also* ECF 47 at 2.[1]

Separately, the agency engaged in rulemaking to replace CMS-1682-R. Prior to this litigation, in November 2020, the Secretary published a proposed rule that would classify all CGMs that use a dedicated receiver as durable medical equipment. He finalized the rule in December 2021. *See* ECF 51 at 1-2 (discussing final rule).

In January 2022, the Secretary renewed his confession of error and asked Court to enter

---

[1] The Secretary's cross-SJ reply also restated his view that entry of judgment in plaintiff's favor on the Secretary's proposed grounds would be an equitable resolution of the case. *Id.*

2

judgment in plaintiff's favor and remand her three Medicare claims to the Secretary for payment. *Id.* On January 19, 2022, this Court granted that request, denied as moot the pending summary-judgment motions, and entered judgment. ECF 52; ECF 53. Plaintiff moved to alter or amend the judgment, arguing that it provided her insufficient relief and urging the Court to take up her previously pending motions for summary judgment on the issues of CMS-1682-R's validity and collateral estoppel. ECF 54. The Court denied the motion. ECF 55.

Still unsatisfied, plaintiff filed an appeal. As in the district court, plaintiff's appeal focused on her theories regarding CMS-1682-R and collateral estoppel. The Tenth Circuit unanimously dismissed the appeal as moot. ECF 64. Plaintiff filed a petition for rehearing, which the Tenth Circuit denied. ECF 63. The court of appeals then denied plaintiff's motion for appellate-related fees. ECF 71. The court noted that it had "not enter[ed] judgment in [plaintiff's] favor on any of the issues she presented on appeal, nor did [it] otherwise grant relief on the merits or give [its] imprimatur regarding any change in the legal relationship between the parties," and plaintiff had thus not prevailed on the claims at issue in the appeal. *Id.*

C.  **EAJA Section 2412(d) Fees**

   1.  **Framework**

Plaintiff is statutorily eligible for an EAJA fee award under 28 U.S.C. § 2412(d) for litigation before this Court,[2] and it remains for the Court to determine a reasonable fee. The Court has "considerable discretion" to determine what fees are reasonable under the circumstances. *Gordon v. Astrue*, 361 F. App'x 933, 934 (10th Cir. 2010). Plaintiff has the "burden to prove and

---

[2] Plaintiff is a "prevailing party" because the judgment entered by this Court provided "some of the benefit" plaintiff sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983). Additionally, the Secretary acknowledges that his position was not "substantially justified," but not for the reason asserted in plaintiff's brief. Pl.'s Mot. at 12-13. The substantial justification analysis considers both the underlying agency action and the government's litigation conduct. *See* 28 U.S.C. § 2412(d)(2)(D); *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007). While the Secretary's litigation positions here were eminently reasonable, the Secretary has consistently recognized that the underlying agency decision was in error.

establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986).

The Court must consider the number of hours reasonably spent on the litigation. "The most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (internal quotation marks omitted). Consideration of the "results obtained" "is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). When setting a reasonable fee award, "work on an unsuccessful claim cannot be deemed expended in pursuit of the ultimate result achieved ... and therefore no fee may be awarded for services on the unsuccessful claim." *Id.* at 435.

Additionally, "fees and expenses may not be awarded … for any portion of the litigation in which the party has unreasonably protracted the proceedings." 28 U.S.C. § 2412(d)(2)(D); *see also id.* § 2412(d)(1)(C).

### 2.     **Hourly Rate**

Fee awards under 28 U.S.C. § 2412(d) are capped at $125 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys …, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Plaintiff proposes a cost-of-living adjustment ("COLA") based on the Consumer Price Index Urban ("CPI-U") for the West Region in May 2022 ($309.64). Pl.'s Mot. 13. Plaintiff fails to justify the use of data from May 2022, four months after judgment was entered in this case and a year after the relevant work was conducted. COLAs should be calculated using historic rates for the time when the work was performed. *See, e.g.*, *Pettyjohn v. Chater*, 888 F. Supp. 1065, 1069 (D. Colo. 1995). For work performed in 2021, the 2021 average annual CPI-U applies. *See id.*; Ex. B (CPI-U table). This yields an hourly rate of $229.77.[3] Were the Court to award fees for work

---

[3] 287.494 (West CPI-U 2021 Annual) / 156.4 (West CPI-U March 1996) x $125 (1996 EAJA rate)

4

performed in January 2022, the hourly rate would be $238.73 for that month.[4]

The Court should reject plaintiff's request for a further rate enhancement because she achieved "excellent results" and "exceptional success." Pl.'s Mot. 14. Section 2412(d) does not permit such a rate enhancement; rather, it caps a fee award to $125 per hour with a potential cost-of-living adjustment.[5] 28 U.S.C. § 2412(d)(2)(A). In any event, plaintiff's assertion that she obtained "excellent results" is implausible. She cannot take credit for a change in agency policy that was proposed by the Secretary five months prior to this suit, and which occurred outside of this litigation. *See* ECF 13 at 4-5 (describing proposed rule); ECF 51 (describing final rule); ECF 64 (describing subsequent policy developments after the Court's entry of judgment); ECF 71 at 2.[6] The only relief plaintiff obtained *in this litigation* was proposed in the Secretary's confession of error and opposed by plaintiff. Nor did plaintiff obtain relief for "tens of thousands of others" as she claims; this is a single-plaintiff matter, not a class action. As *Hensley* emphasized, "[t]he result is what matters." 461 U.S. at 435. The result here was limited.

### 3. Eligible/Reasonable Hours

The vast majority of plaintiff's efforts in this case were directed not at the relief she obtained, but at separate, broader relief that was not awarded. Yet plaintiff seeks fees for every single hour spent by her attorneys in this litigation.[7] Such an award would plainly be unreasonable.

In *Hensley*, the Supreme Court explained that where a plaintiff "present[s] in one lawsuit

---

[4] 298.705 (West CPI-U January 2022) / 156.4 x $125

[5] Plaintiff's citation to *Hensley* is unavailing, as that case involved a request for fees under 42 U.S.C. § 1988(b). Although the standard for *whether* fees should be awarded is the same under EAJA and § 1988, the *rate* to be paid is different. Under § 1988, a reasonable rate is calculated according to the prevailing market rates, while under EAJA "attorney fees are capped by Congress." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

[6] *See also Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change" that is required for an award of attorney's fees.).

[7] Plaintiff suggests a 10% reduction only when arguing for an enhanced hourly rate, Pl.'s Mot. at 14, and otherwise proposes to multiply the statutory rate by the total hours expended, *id.* at 12, 13.

5

distinctly different claims for relief," and the plaintiff prevails on only some of those claims, "unrelated claims [must] be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim[s]."[8] *Id.* at 434-435. An unrelated claim is a "claim[] for relief ... based on different facts and legal theories." *Id.* at 434. Plaintiff herself has explained that the rulings she sought regarding CMS-1682-R and collateral estoppel were based on different facts and legal theories, distinct from the relief proposed by the Secretary and entered by the Court. *See, e.g.*, ECF 54 at 9. Plaintiff's CMS-1682-R claim was based on facts surrounding its issuance and plaintiff's legal assertion that it should have undergone notice-and-comment rulemaking. *See generally* Compl. ¶¶ 28-38; ECF 28. Her collateral-estoppel claim was based on the facts relating to plaintiff's success in a prior administrative proceeding before a different administrative law judge, and the law of collateral estoppel in administrative proceedings. *See generally* Comp. ¶¶ 54-75; ECF 29. Both claims for relief were different from the relief the Court granted—relief based on the MAC's error in applying CMS-1682-R to plaintiff's insulin pump, and the Secretary's admission of that error. That plaintiff was pursuing distinctly different claims for relief than what the Secretary proposed and the Court granted is made clear by the fact that she sought to amend this Court's judgment in order to continue to pursue her CMS-1682-R and collateral estoppel motions for summary judgment. Plaintiff's pursuit of an appeal on these issues further demonstrates this point. Plaintiff did not obtain judicial relief on her CMS-1682-R and collateral estoppel claims, and the Court should decline fees for the work spent on them.

Indeed, the Tenth Circuit has already declined fees for plaintiff's appellate work on these two issues, which the Court of Appeals found were mooted by the Secretary's policy changes. *See* ECF 71 at 3; ECF 64 at 17-19 ("CMS formally rescinded CMS-1682-R and replaced it[;] …

---

[8] Although *Hensley* addressed fees under 42 U.S.C. § 1988, the court made clear that the standards for awarding fees "set forth in th[at] opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Id.* at 433 n.7; *see also Commissioner v. Jean*, 496 U.S. 154, 161 (1990) ("[T]he district court's task of determining what fee is reasonable [in an EAJA case] is essentially the same as that described in *Hensley*."); *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (applying the *Hensley* standard).

invalidating CMS-1682-R would provide [plaintiff] no further relief."); *id.* at 20 ("Because a ruling on collateral estoppel would not redress any actual or imminent injury suffered by Smith, we do not have jurisdiction to consider the issue."). The Tenth Circuit recognized that a party is not eligible for attorney's fees on claims that have been dismissed due to mootness "following a defendant's voluntary change in conduct during the pendency of a lawsuit challenging that conduct." ECF 71 at 2.

These were not "interrelated claims in support of a single outcome." *Cf. Robinson v. City of Edmond*, 160 F.3d 1275, 1283–84 (10th Cir. 1998). But even if they were related to plaintiff's successful claim, the Court should still reduce the requested fee award because plaintiff did not obtain the outcome that she sought, and the result she received was relatively narrow. Plaintiff "achieved only limited success," and the Court "should award only that amount that is reasonable *in relation to the results obtained*." *Hensley*, 461 U.S. at 440 (emphasis added). The vast majority of plaintiff's litigation efforts were directed at obtaining relief that this Court never granted. Indeed, her work after the Secretary's initial confession of error was almost solely focused on obtaining rulings on the validity of CMS-1682-R and her collateral estoppel theory.

Plaintiff's unreasonable protraction of this litigation also merits a decrease in the fee award. *See* 28 U.S.C. § 2412(d)(1)(C); *id.* § 2412(d)(2)(D). At every turn, the Secretary offered a straightforward resolution of this case, and plaintiff opposed it. Indeed, plaintiff would have obtained the same result—payment of all three of her Medicare claims—if she had agreed to the Secretary's initial proposal of a partial judgment in plaintiff's favor and a remand to the agency to reconsider the remainder of the case.

In sum, plaintiff has not met her burden to establish the reasonableness of the hours for which she seeks compensation. The Court should exclude the work plaintiff spent on unsuccessful claims such as her CMS-1682-R and collateral estoppel claims. The Court should limit fees to: (a) the initial work necessary to bring this case, highlighted in yellow on Ex. A, and (b) 10% of the

case management work conducted after the Secretary's initial confession of error,[9] highlighted in blue on Ex. A. To assist the Court with its review of plaintiff's billing records, the Secretary submits herewith an annotated chart (Ex. A) of plaintiff's billed line-items. In addition to identifying the (relatively few) hours reasonably spent "in pursuit of the ultimate result achieved," *Hensley*, 461 U.S. at 435, and those spent on unsuccessful claims for relief, *id.* at 434-435, the chart also notes the following problems:

- Plaintiff may not receive fees for the agency-level work claimed because the agency proceeding does not qualify as an "adverse adjudication" eligible for fees; the government was not represented before the ALJ or the MAC, nor did "the government direct some purposeful advocacy" at the decision makers below. *Handron v. H.H.S.*, 677 F.3d 144, 155 (3d Cir. 2012); *see also Kabura v. McNeer*, 2020 WL 4747788, at *5 (D. Utah Aug. 17, 2020).

- "[S]tandard clerical tasks are not compensable under the EAJA ... regardless of who performs them." *Hardister v. Kijakazi*, 2022 WL 2304284, at *3 (D. Utah June 27, 2022). Ineligible clerical tasks include "preparing a summons and cover sheet," "verifying service," "executing a return of service," "electronic filing," and similar tasks. *Id.*

- Some entries lack sufficient explanation or an apparent nexus to this case, *see Hensley*, 461 U.S. at 437 ("It is Plaintiff's burden to submit ample information to allow for a reasonableness determination."), constitute improper block billing, or pertain to work not reasonably expended in pursuit of the results achieved.

- While plaintiff's motion pertains only to the district court work, the bills submitted include hours expended on the appeal, and the Tenth Circuit has already denied those fees.

Based on the analysis above and appropriate reductions, plaintiff should be awarded 14.44

---

[9] "There is no precise rule or formula" for reducing a fee award when a plaintiff wins a fraction of the relief sought—the Court "may attempt to identify specific hours … [to] be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436-37. The Secretary proposes compensating these case management hours at 10% given plaintiff's near 100% focus on obtaining rulings on CMS-1682-R and collateral estoppel during this phase of the litigation, her unreasonable protraction of the case, and the narrow results ultimately obtained.

hours for Parrish Law Offices and 2.74 hours for Lear & Lear, totaling $ 3,951. *See* Ex. A.

### 4. Costs

Plaintiff asks the Court to award her $402 in appellate filing fees. Pl.'s Mot. 14. But the Tenth Circuit has determined that plaintiff was not a "prevailing party" in her appeal, ECF 71 at 3. Thus, plaintiff fails to demonstrate entitlement to reimbursement for her appellate filing fees.

### D. Plaintiff Is Not Entitled To Fees Under EAJA Section 2412(b) ("Bad Faith" Fees)

Plaintiff alternatively seeks fees under 28 U.S.C. § 2412(b). This provision incorporates "the bad faith exception to the … 'American Rule' that each party bear[s] the financial burden of civil litigation regardless of its outcome." *FTC v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1196 (10th Cir. 2005). The Court will award attorney's fees under this exception only when an opposing party's claim or defense "is entirely without color and has been asserted wantonly for purposes of harassment or delay, or for other improper reasons." *Id.* at 1201. The bad-faith exception is "extremely narrow" and "is not invoked by findings of negligence … or improvidence." *United States v. 2,116 Boxes*, 726 F.2d 1481, 1488 (10th Cir. 1984). Plaintiff bears the burden of establishing entitlement to attorney's fees under section 2412(b). *Freecom*, 401 F.3d at 1201.

The Secretary has not acted in bad faith in this litigation or advanced any position in defense of the litigation in bad faith. To the contrary, the Secretary immediately confessed error in denying plaintiff's Medicare claims and requested that the Court enter judgment in plaintiff's favor. ECF 10. The Secretary repeated this position at least three other times. ECF 13 at 4-5; ECF 47 at 1-2; ECF 51. At the same time, the Secretary was engaged in an ongoing project of reconsidering Medicare coverage of CGMs generally and ultimately replaced and rescinded the challenged CMS-1682-R. When HHS issued its final rule, the government notified the Court and again requested a judgment in plaintiff's favor. Throughout the litigation, therefore, the government has conducted itself in good faith and with the utmost candor toward the Court.

Plaintiff asserts that a general denial in the Secretary's Answer constitutes bad faith. Pl.s'

9

Mot. 10-11. While the boilerplate statement—denying that "plaintiff is entitled to … any relief whatsoever"—may have been inartful because it failed to incorporate the Secretary's proposal to enter judgment in plaintiff's favor, it certainly was not bad faith. The Secretary's proposed resolution was clearly expressed both before and following the filing of the Answer.

Nor does plaintiff establish bad faith by pointing to HHS's former policy, CMS-1682-R, which the Secretary has explained was incorrectly applied to plaintiff. There was no bad faith in the issuance of CMS-1682-R.[10] Bad faith in the acts giving rise to a plaintiff's litigation claim do "not fall within the bad-faith [fees] exception" in any event. *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 768 (10th Cir. 1997).

Further, plaintiff's reliance on *Olsen v. Becerra,* 2021 WL 3683360 (E.D. Wash. Apr. 4, 2021) is misplaced. That decision focused on conduct in that particular litigation, not relevant here. *See id.* In any event, the *Olsen* decision stands alone. Every other court to have considered the issue in a CGM case brought by plaintiff's counsel's firm has rejected the plaintiffs' "bad faith" arguments. *See Zieroth v. Azar*, 2020 WL 7075629, at *2-*3 (N.D. Cal. Dec. 3, 2020); *Lewis v. H.H.S.*, 370 F. Supp. 3d 267, 274 (D. Mass. 2019); *see also Whitcomb v. Burwell*, 2015 WL 5254518, at *2 (E.D. Wis. Sept. 9, 2015) (no fees because the Secretary's position was substantially justified). Plaintiff's motion never mentions these contrary decisions.

There simply is no credible basis to find that the Secretary has acted in bad faith here. Plaintiff's request for fees under section 2412(b) should be rejected.

**E.     Conclusion**

Plaintiff has not met her burden to establish the reasonableness of the fees she seeks. Fees should be limited to the hours reasonably expended in pursuit of the ultimate result achieved, as discussed above and annotated on Ex. A. The Secretary respectfully submits that a fee award of $3,951 for 17.18 hours would be reasonable here. *See* Ex. A.

---

[10] For further discussion, *see Lewis v. Becerra*, ECF 125 at 2-7, 14-16, No. 18-cv-2929 (D.D.C.) (addressing similar allegations of bad faith).

Dated: April 28, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

 /s/ Lisa Zeidner Marcus
LISA ZEIDNER MARCUS
Senior Counsel (N.Y. Bar # 4461679)
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L St., NW, Twelfth Floor
Washington, DC 20530
Tel: (202) 514-3336
Fax: (202) 616-8470
Email: lisa.marcus@usdoj.gov

*Counsel for Defendant*