1. **Attorney's Fees Billed by Parrish Law Offices (ECF No. 66-2 at 28–44)**

| Date | Pl's Description | Hours Claimed | Hours Awarded | Amount Awarded * | Reasoning |
|---|---|---|---|---|---|
| 11/17/2017 | "Follow up with Lambert and Council re L. Smith remanded case" | 1.00 | 0 | 0 | A |
| 11/20/2017 | "Revision of reconsideration for L. Smith" | 0.25 | 0 | 0 | A |
| 02/08/2018 | "Linda Smith appeals" | 1.25 | 0 | 0 | A |
| 03/19/2018 | "Hearing for Linda Smith with Judge Woodyard" | 0.75 | 0 | 0 | A |
| 03/29/2018 | "Telephone conference L. Smith; review of ABN and email for her to send to Medtronic; email response to Linda Ostrow" | 0.50 | 0 | 0 | A |
| 05/15/2018 | "Linda Smith emails re supplies" | 0.25 | 0 | 0 | A |
| 06/08/2018 | "ALJ request and emails re same; telephone conference re mom in Colorado" | 0.75 | 0 | 0 | A |
| 06/18/2018 | "Emails Linda Smith re appeals" | 0.33333 | 0 | 0 | A |
| 06/28/2018 | "Requested LS participation in Judge Sardinas hearing (18-01); called OMHA about DOS on NOH and s/w Sonia (x2)." | 0.16667 | 0 | 0 | A |
| 07/23/2018 | "Linda Smith appeals" | 0.75 | 0 | 0 | A |

| Date | Pl's Description | Hours Claimed | Hours Awarded | Amount Awarded | Reason For Deduction |
|---|---|---|---|---|---|
| 08/20/2018 | "Telephone conference and Emails re extension." | 0.25 | 0 | 0 | A |
| 11/20/2018 | "PHB for combined case." | 0.50 | 0 | 0 | A |
| 11/21/2018 | "attn to settlement agreement" | 0.50 | 0 | 0 | A |
| 12/11/2018 | "hearing with ALJ, prep for same, t/c Linda Smith" | 2.40 | 0 | 0 | A |
| 12/18/2019 | "revise/review memo re: CMS 1682R and Medtronic devices" | 3.60 | 0 | 0 | A |
| 2/19/2019 | "attended hearing with ALJ, t/c Linda Smith re: same, t/c Debbie Parrish re: same" | 2.20 | 0 | 0 | A |
| 03/01/2021 | "research re complaint" | 2.40 | 2.40 | $551.45 | E |
| 03/12/2021 | "t/c Phillip Lear re: local counsel, attention to filing complaint" | 1.20 | 0.90 | $206.79 | C |
| 03/20/2021 | "revise/review memo re: case status, revise/review complaint documents" | 2.40 | 2.40 | $551.45 | E |
| 03/27/2021 | "revise/review complaint" | 2.60 | 2.60 | $597.40 | E |
| 03/28/2021 | "revise/review complaint" | 0.60 | 0.60 | $137.86 | E |
| 03/30/2021 | "revise/review memo re: filing" | 1.10 | 1.10 | $252.75 | E |
| 04/01/2021 | "revise/review complaint" | 0.80 | 0.80 | $183.82 | E |
| 04/06/2021 | "revise/review summons" | 1.10 | 1.10 | $252.75 | E |
| 04/19/2021 | "attn to service" | 0.40 | 0 | 0 | C |
| 04/26/2021 | "attn to service" | 0.30 | 0 | 0 | C |

2

| Date | Pl's Description | Hours Claimed | Hours Awarded | Amount Awarded | Reasoning |
|---|---|---|---|---|---|
| 06/07/2021 | "reviewing pleadings, t/c Lear re: same, research re: same" | 1.20 | 1.20 | $275.72 | E |
| 06/08/2021 | "revise/review memo re: filing" | 0.90 | 0 | 0 | B |
| 06/15/2021 | "attn to magistrate consent form" | 0.90 | 0 | 0 | C |
| 06/17/2021 | "revise/review memo re: production/schedule" | 0.80 | 0.80 | $183.82 | E |
| 06/18/2021 | "revise/review proposed schedule" | 2.30 | 2.30 | $528.47 | E |
| 06/21/2021 | "attn to proposed schedule" | 0.90 | 0.90 | $206.79 | E |
| 06/22/2021 | "revise/review memo re: case status/strategy" | 1.40 | 1.40 | $321.68 | E |
| 06/24/2021 | "revise/review response to court order" | 2.60 | 2.60 | $597.40 | E |
| 06/28/2021 | "reviewing pleadings, research re: same, revise/review memo re: same, reviewing production, revise/review objection" | 3.60 | 3.60 | $827.17 | E |
| 07/12/2021 | "t/c Linda, revise/review memo re: case status, additional claims" | 1.20 | 0.90 | $206.79 | B |
| 07/22/2021 | "revise/review memo re: case status" | 0.40 | 0.40 | $91.91 | E |
| 08/02/2021 | "revise/review memo re: additional denials" | 0.90 | 0 | 0 | B |
| 08/09/2021 | "t/c Phillip Lear – prep for hearing" | 1.40 | 1.40 | $321.68 | E |
| 08/10/2021 | "prep for and attend case management conference" | 2.70 | 2.70 | $620.38 | E |

3

| Date | Pl's Description | Hours Claimed | Hours Awarded | Amount Awarded | Reasoning |
|---|---|---|---|---|---|
| 08/11/2021 | "attn to appeals, revise/review memo re: same" | 0.40 | 0 | 0 | B |
| 08/25/2021 | "revise/review motion re: answer" | 2.70 | 2.70 | $620.38 | E |
| 08/27/2021 | "revise/review motion re: answer" | 2.60 | 2.60 | $597.40 | E |
| 08/31/2021 | "revise/review reply re: answer" | 2.10 | 2.10 | $482.52 | E |
| 09/01/2021 | revise/review reply re: scheduling | 2.10 | 2.10 | $482.52 | E |
| 09/02/2021 | "revise/review reply re: scheduling" | 3.40 | 3.40 | $781.22 | E |
| 09/05/2021 | "revise/review MSJ re: CMS 1682-R, revise/review MSJ re: collateral estoppel" | 3.60 | 3.24 | $744.45 | F |
| 09/06/2021 | "revise/review MSJ re: CMS 1682-R, revise/review MSJ re: collateral estoppel" | 6.50 | 5.85 | $1,344.15 | F |
| 09/07/2021 | "revise/review MSJ re: CMS 1682-R. revise/review MSJ re: collateral estoppel" | 11.40 | 10.26 | $2,357.44 | F |
| 09/10/2021 | "revise/review Rule 11 motion" | 2.40 | 0 | 0 | B[1] |
| 09/13/2021 | "revise/review Rule 11 motion" | 2.10 | 0 | 0 | B |

---

[1] No motion under Federal Rule of Civil Procedure 11 appears to have been filed in this case.

4

| Date | Pl's Description | Hours Claimed | Hours Awarded | Amount Awarded | Reasoning |
|---|---|---|---|---|---|
| 09/14/2021 | "revise/review Rule 11 motion" | 2.30 | 0 | 0 | B |
| 09/21/2021 | "reviewing opposition to motions for summary judgement, research re: same" | 1.40 | 1.26 | $289.51 | F |
| 09/22/2021 | "revise/review reply re: summary judgements" | 3.70 | 3.33 | $765.13 | F |
| 09/23/2021 | "revise/review reply re: summary judgements" | 4.10 | 3.69 | $847.85 | F |
| 09/24/2021 | "revise/review reply re: summary judgements" | 5.20 | 4.68 | $1,075.32 | F |
| 09/28/2021 | "reviewing court orders, revise/review memo re: same, t/c Phil Lear re: same" | 1.10 | 1.10 | $252.75 | E |
| 10/03/2021 | "revise/review reply re: collateral estoppel/CMS 1682" | 3.70 | 3.33 | $765.13 | F |
| 10/04/2021 | "revise/review reply re: collateral estoppel/CMS 1682" | 6.40 | 5.76 | $1,323.48 | F |
| 10/04/2021 | "Revision of papers." | 1.50 | 1.35 | $310.19 | F |
| 10/05/2021 | "Edits to filing." | 0.75 | 0.675 | $155.09 | F |
| 10/05/2021 | "revise/review reply re: collateral estoppel/CMS 1682" | 6.10 | 5.49 | $1,261.44 | F |
| 10/18/2021 | "attn to revise/review filing regarding scheduling" | 3.40 | 3.40 | $781.22 | E |
| 10/26/2021 | "revise/review opposition to cross- motion re: CMS 1682-R" | 3.70 | 3.33 | $765.13 | F |
| 01/04/2022 | "revise/review motion for status, t/c opposing counsel" | 1.50 | 1.50 | $358.10 | E |

5

| Date | Pl's Description | Hours Claimed | Hours Awarded | Amount Awarded | Reasoning |
|---|---|---|---|---|---|
| 01/05/2022 | "revise/review motion for status" | 1.10 | 1.10 | $262.60 | E |
| 01/07/2022 | "revise/review memos re: status conference" | 0.50 | 0.50 | $119.37 | E |
| <td colspan="6">**01/07/2022 - Secretary files ECF 51, renewing confession of error, and proposing judgment in plaintiff's favor.**</td> |
| 01/08/2022 | "reviewing opp to motion for status conference" | 0.80 | 0.80 | $190.98 | E |
| 01/16/2022 | "t/c plaintiffs in all cases re: global settlement" | 1.50 | 0 | 0 | B |
| 01/18/2022 | "conf with plaintiffs in all cases re: settlement" | 0.50 | 0 | 0 | B |
| <td colspan="6">**01/19/2022 – Court remands case to the Secretary with directions to pay plaintiff's three Medicare reimbursement claims, denies pending summary judgment motions as moot, and enters judgment. ECF 51; ECF 52.**</td> |
| 01/27/2022 | "t/c Stanley re: motion to alter/amend, revise/review same" | 6.20 | 0 | 0 | D |
| 01/28/2022 | "revise/review motion to alter/amend" | 2.40 | 0 | 0 | D |
| 01/31/2022 | "revise/review motion to alter/amend, t/c Stanley re: same" | 5.40 | 0 | 0 | D |
| 02/23/2022 | "attn to ALJ appeal, revise/review motion to alter/amend" | 4.60 | 0 | 0 | D |
| 02/24/2022 | "revise/review motion to alter/amend" | 2.40 | 0 | 0 | D |
| 02/08/2022 | "reviewing denial of motion to alter/amend" | 1.10 | 0 | 0 | D |

| Date | Pl's Description | Hours Claimed | Hours Awarded | Amount Awarded | Reasoning |
|---|---|---|---|---|---|
| 02/21/2022 | "attn to notice of appeal" | 1.40 | 0 | 0 | D |
| 02/23/2022 | "attention to appeal filing" | 0.80 | 0 | 0 | D |
| 02/24/2022 | "attention to appeal filing" | 1.10 | 0 | 0 | D |
| **Total hours and fees for Parrish Law Offices** | | 103.65 hours | | $23849.45 | |

## 2. Attorney's Fees Billed by Lear & Lear LLP (ECF No. 66-2 at 45–47)

| Date | Pl's Description | Hours Claimed | Hours Awarded | Amount Awarded | Reasoning |
|---|---|---|---|---|---|
| 03/26/2021 | "Prepare Motion for Admission Pro Hac Vice and proposed order and transmit to J. Pistorino." | 0.80 | 0.80 | $183.82 | E |
| 04/01/2021 | "Revise complaint and transmit to J. Pistorino; upload revised Civil Cover Sheet, Motion Pro Hac Vice, and Complaint; telephone conference with J. Pistorino re complaint." | 2.50 | 2.20 | $505.49 | C |
| 04/02/2021 | "Assemble pleadings and transmit Civil Cover Sheet and Complaint to court for case number assignment; telephone conferences with J. Pistorino." | 1.00 | 0.50 | $114.89 | C |

| Date | Pl's Description | Hours Claimed | Hours Awarded | Amount Awarded | Reasoning |
|---|---|---|---|---|---|
| 04/05/2021 | "Transmit Civil Cover Sheet and Complaint to court clerk for case number assignment; upload and file Civil Cover Sheet, Complaint, and Motion for Admission Pro Hac Vice; telephone conferences with J. Pistorino re same." | 1.50 | 0.75 | $172.33 | C |
| 04/06/2021 | "Prepare summonses for Becerra, M. Garland, and A. Martinez and file same; download court-signed summonses and copy of Complaint and Civil Cover Sheet for service upon same; serve process by certified mail." | 1.40 | 0 | 0 | C |
| 04/23/2021 | "Track Becerra service of summons and confirm same." | 0.10 | 0 | 0 | C |
| 04/26/2021 | "Prepare Motion for Admission Pro Hac Vice and proposed order and transmit to J. Pistorino." | 0.80 | 0 | 0 | B[2] |
| 08/09/2021 | "Zoom conference with J. Pistorino in preparation for tomorrow's court hearing." | 0.90 | 0.90 | $206.79 | E |

---

[2] Mr. Pistorino's Motion for Admission for Pro Hac Vice was granted before this date. *See* Dkt. No. 3.

| Date | Pl's Description | Hours Claimed | Hours Awarded | Amount Awarded | Reasoning |
|---|---|---|---|---|---|
| 08/10/2021 | "Zoom court hearing before Judge Pead re motion for order directing filing of Answer and certified admin record." | 0.90 | 0.90 | $206.79 | E |
| 08/27/2021 | "Prepare Motion to Amend Scheduling Order and file same and proposed order; telephone and email correspondence with J. Pistorino." | 1.20 | 1 | $229.77 | C |
| 10/05/2021 | "Finalize and file Plaintiffs Reply to Motion for Summary Judgement and to Vacate; finalize and file Plaintiff's Reply to Motion for Summary Judgment on Collateral Estoppel." | 2.20 | 1.98 | $454.94 | F |
| 10/26/2021 | "Prepare Plaintiff's Opposition to Cross-Motion and file same." | 0.60 | 0.54 | $124.08 | F |
| 01/31/2022 | "Read court rules re requirement, if any, to contact the court prior to seeking a hearing on a motion to amend or alter judgement and report findings to J. Pistorino." | 0.70 | 0 | 0 | D |
| 02/04/2022 | "Read and revise Smith's Motion to Alter and Amend Judgment and return to J. Pistorino with comments." | 0.70 | 0 | 0 | D |

| Date | Pl's Description | Hours Claimed | Hours Awarded | Amount Awarded | Reasoning |
|---|---|---|---|---|---|
| 03/04/2022 | "Prepare Unopposed Motion to Expedite Appeal and Entry of Appearance and Designation of Interested Persons, transmit to J. Pistorino for comment; transmit Application of Admission to J. Pistorino." | 1.70 | 0 | 0 | D |
| 03/07/2022 | "Telephone conference with J. Pistorino; revise Entry of Appearance and Unopposed Motion to Expedite Appeal and file same; serve opposing counsel via email; forward 10th Circuit order granting motion to J. Pistorino." | 1.30 | 0 | 0 | D |
| 03/10/2022 | "Prepare Unopposed Motion to Stay Briefing on Attorneys Fees, proposed order, and docketing statement; file motion and order with Utah District Court; file docketing statement with Tenth Circuit; serve documents via email on opposing counsel; telephone conference with Utah District Court re filing." | 1.70 | 1.70 | $405.84 | E |
| 03/11/2022 | "Register with Counsel Press for filing paper copies of required filings." | 0.20 | 0 | 0 | D |

10

| Date | Pl's Description | Hours Claimed | Hours Awarded | Amount Awarded | Reasoning |
|---|---|---|---|---|---|
| 03/14/2022 | "Prepare opening appellate brief; discuss comments with J. Pistorino; prepare and file Unopposed motion to extend date for filing appeal; transmit order granting same to J. Pistorino." | 1.10 | 0 | 0 | D |
| 03/15/2022 | "Prepare opening appellate brief and discuss comments with J. Pistornio [sic]; upload volumes 1 and 2 of appendix to brief; file opening brief and Appendices I and II; forward court's filing confirmation to J. Pistorino." | 1.30 | 0 | 0 | D |
| 03/18/2022 | "File Corrected Appelant's [sic] Opening Brief and Appendices Vol. I and II; transmit court filing confirmations to J. Pistorino." | 0.40 | 0 | 0 | D |
| Total hours and fees for Lear & Lear LLP | | | 11.27 | $2,604.74 | |

Plaintiff also requested an additional 12.75 hours for litigating fees that were not included on the above chart. 31% of these hours will be granted, adding 3.95 hours or $1,021.71 to the overall total, because Plaintiff's fee litigation was only partially successful—the court will grant roughly 31% of the $84,980 in fees that Plaintiff originally requested. *See* Dkt. No. 66 at 12, 15.

**OVERALL TOTAL =** | **118.87 hours** | **$27,475.90** |
| | #

# KEY

## **\* Amount Awarded**

Both parties agree that Plaintiff is entitled to reasonable attorney fees under 28 U.S.C. § 2412(d)(1)(A). The Secretary concedes that his litigating "position" was not "substantially justified," and he does not argue "that special circumstances make an award" under Section 2412(d)(1)(A) "unjust." *Id.*; *see also* Dkt. No. 75 at 5 n.2.

The parties disagree whether Plaintiff is entitled to fees under 28 U.S.C. §§ 2412(b) and 2412(c)(2), which apply if the Secretary "acted in bad faith." This dispute is significant because fees under Section 2412(b) are awarded to the extent available "under the common law" at the prevailing market rate, but fees under Section 2412(d)(1)(A) fees are awarded at a statutory rate of $125 per hour, subject to adjustments for increased living costs. *Compare Sullivan v. Sullivan*, 958 F.2d 574, 577 n.8 (4th Cir. 1992), *with* 28 U.S.C. § 2412(d)(2)(A).

Plaintiff argues that the Secretary acted in bad faith because (1) before this litigation began, the Secretary denied her claims; (2) the Secretary stated that Plaintiff should not receive "any relief whatsoever" in his answer to her complaint; and (3) the Secretary argued that the court lacked jurisdiction to grant any relief other than affirming, modifying, or reversing the Secretary's denial of Plaintiff's claims, or remanding the case to the Secretary. *See* Dkt. No. 66 at 10–12 (quoting Dkt. No. 24 at 22–23).

The court disagrees that the Secretary acted in bad faith. "The Government acts in bad faith when its claim [or defense] (1) is entirely without color *and* (2) has been asserted wantonly, for purposes of harassment or delay, or other improper reason[s]." *F.T.C. v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1196–97 (10th Cir. 2005). Plaintiff's first argument fails because the common law "bad faith" incorporated into Section 2312(c)(2), *see id.* at 1196, "does not reach

purely prelitigation bad-faith conduct" like the Secretary's initial denial of Plaintiff's claims, *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 766 (10th Cir. 1997). Plaintiff's second argument fails because the Secretary's answer to her complaint was not "asserted . . . for improper reason[s]." *Freecom*, 401 F.3d at 1197. The Secretary confessed error, offering to pay one of Plaintiff's claims and reconsider the other two, *see* Dkt. No. 10, but Plaintiff rejected this offer and chose to pursue remedies that the Secretary believed were unavailable, *see* Dkt. Nos. 17, 28, 29, 31. Because Plaintiff did so, the court concludes that it was not improper for the Secretary to issue a general denial and thus put Plaintiff to her proof. Finally, the court cannot conclude that the Secretary's jurisdictional argument was "entirely without color" because the court itself accepted his argument. *See* Dkt. No. 55.

Plaintiff is therefore entitled to fees under only Section 2412(d)(2)(A). Both parties agree that under Section 2412(d)(2)(A), the court may award attorney fees in excess of the $125 per hour statutory limit if it determines "that an increase in the cost of living . . . justifies a higher fee," 28 U.S.C. § 2412(d)(2)(A), and that in this case the Consumer Price Index should be used to increase the statutory rate, *see* Dkt. Nos. 66 at 14, 75 at 6–7. All work that occurred in 2021 will be compensated at a rate of $229.77 per hour. All work that occurred in 2022 will be compensated at a rate of $238.73 per hour. All work that occurred in 2023 will be compensated at a rate of $258.66 per hour.

## A: Hours expended on advocacy before the agency will be fully excluded.

Under Section 2412(d)(1)(A), the court shall award to the prevailing party fees and other expenses "incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A). Although the plain language of the statute thus

appears to contemplate that the prevailing party may recover only those fees incurred in judicial proceedings seeking review of agency action and not fees incurred in agency proceedings, the Supreme Court has stated that "administrative proceedings may be so intimately connected with judicial proceedings as to be considered part of the 'civil action' for purposes of a fee award." *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989).

The Supreme Court subsequently clarified that its holding in *Hudson* was only "that fees incurred during administrative proceedings *held pursuant to a district court's remand order* could be recovered under EAJA." *Shalala v. Schaefer*, 509 U.S. 292, 298 (1993) (emphasis added); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 96–97 (1991) (stating that *Hudson* "stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level"). Lower courts have likewise recognized that "*Hudson*'s holding is limited to cases in which there is a post-litigation remand for further administrative proceedings." *Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 887 (8th Cir. 1995) (citing *Full Gospel Portland Church v. Thornburgh*, 927 F.2d 628, 631 (D.C. Cir. 1991), and *Pollgreen v. Morris*, 911 F.2d 527, 527, 535 (11th Cir. 1990)); *see also Nadarajah v. Holder*, 569 F.3d 906, 919 (9th Cir. 2009).

The administrative proceedings here occurred prior to the commencement of the civil action, not pursuant to a remand order. The court will accordingly award no attorneys' fees for work completed at the agency level.

## **B: Hours not sufficiently documented or having no clear nexus with case will be fully or partially excluded.**

"Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for

whom the fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). And the "district court is justified in reducing the reasonable number of hours if the attorney's time records are sloppy and imprecise and fail to document adequately how he or she utilized large blocks of time." *Id.* (cleaned up). The court will not award fees for billing entries that are insufficiently detailed or appear unrelated to the case at hand. For entries that appear to involve both work that is related to the case and unrelated work, the court will reduce the fees awarded.

## **C: Hours spent in full or in part on clerical tasks will be fully or partially excluded.**

Under Section 2412(d)(2)(A), the "fees and other expenses" to which a prevailing party is entitled include "reasonable *attorney* fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). "[P]urely clerical or secretarial tasks" should not be billed at an attorney's rate. *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989). Because it is not reasonable to charge an attorney's rate for clerical tasks, this court will not award fees for billing entries that describe work that is purely clerical in nature. Where billing entries appear to describe both work that is properly performed by an attorney and work that appears clerical in nature, the court will reduce the fees awarded.

## **D: Hours spent solely on unsuccessful legal advocacy will be fully excluded.**

The standards for determining a reasonable fee award set forth in *Hensley v. Eckerhart* apply "in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" 461 U.S. 424, 433 n.7 (1983). In cases where a plaintiff presents "distinctly different claims for relief that are based on different facts and legal theories" such that "counsel's work on one claim will be unrelated to his work on another claim," "work on an unsuccessful claim cannot be

deemed to have been expended in pursuit of the ultimate result achieved," and "therefore no fee may be awarded for services on the unsuccessful claim." *Id.* at 434–35 (internal quotation marks and quoted source omitted). "In other cases[,] the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories" such that it will be "difficult to divide the hours expended on a claim-by-claim basis." *Id.* at 435.

In such cases, the "district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* "[T]he most critical factor is the degree of success obtained." *Id.* at 436. On the one hand, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee" even if the plaintiff "raise[d] alternative legal grounds for a desired outcome" and the court rejected or failed "to reach certain grounds" because "[t]he result is what matters." *Id.* at 435. On the other hand, if the "plaintiff has achieved only partial or limited success" the total hours spent on the litigation "may be an excessive amount . . . even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436.

In this case, the result obtained by Plaintiff was the Secretary's second confession of error followed by a judgment remanding the case to the Secretary with instructions to pay all three of her claims. She did not, however, obtain the sweeping equitable relief that she requested, either from this court or on appeal. To be sure, the Secretary ultimately changed its rules regarding continuous glucose monitors—essentially the result Plaintiff sought to achieve by judicial order—but this result was not achieved through this litigation. As the Supreme Court has explained, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the

16

change" to support an award of attorneys' fees. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001).

The court thus concludes that Plaintiff is not entitled to compensation for her attempts to obtain equitable relief. But Plaintiff's unsuccessful prayer for equitable relief and her successful prayer for payment both "involve[d] a common core of facts" and were "based on related legal theories." *Hensley*, 461 U.S. at 435. Much of counsel's time, therefore, was "devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* It follows that the court must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* The court has discretion "to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436–37. "There is no precise rule or formula for making these determinations" and the "court necessarily has discretion in making this equitable judgment." *Id.*

Exercising its discretion, the court will not award fees for billing entries that appear to involve *only* Plaintiff's unsuccessful attempts to obtain equitable relief.

### E: Hours spent on successful advocacy will be awarded in full.

The court will award fees without reduction for billing entries that appear to involve only Plaintiff's successful attempts to obtain payment on her claims or at least do not appear to involve significant work on her unsuccessful attempts to obtain equitable relief.

To be sure, the Secretary argues that because Plaintiff did not "obtain judicial relief" on her collateral estoppel claims, the court "should decline fees for the work spent on them." Dkt. No. 75 at 8. The Secretary also argues that the court should award only partial compensation for

17

the work performed by Plaintiff's counsel between the Secretary's first and second confessions of error. *See id.* at 9–10. The court disagrees with both arguments.

As for the first argument, the court never reached the merits of Plaintiff's collateral estoppel claim because it accepted the Secretary's second confession of error and remanded Plaintiff's claims for payment—the same relief the court would have ordered had Plaintiff prevailed on her collateral estoppel argument. And as the Supreme Court has explained, "[t]he result is what matters." *Hensley*, 461 U.S. at 435. A court's "failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id.*.

As for the second argument, Plaintiff was under no obligation to accept the Government's first confession of error because it did not offer her the full relief she was seeking and would have required her to relitigate two of her claims before the agency. And the court has little doubt that the successful result Plaintiff received—a remand for payment of her claims—was a result of her refusal to accept the Government's first confession of error and her continued litigation.

## F: Hours spent on intermingled work including unsuccessful advocacy will be reduced by 10%.

For billing entries that appear to involve work relevant both to Plaintiff's successful prayer for payment of her claims and her unsuccessful prayer for equitable relief, or work that otherwise cannot be readily allocated between her successful and unsuccessful prayers for relief, this court will reduce the fees sought by ten percent. Most of these billing entries involve work on Plaintiff's two motions for summary judgment, *see* Dkt. Nos. 28 & 29, her two replies in support of those motions, *see* Dkt. Nos. 37 & 38, and her response to the Secretary's cross-motion for summary judgment, *see* Dkt. No. 46. Taken together, these documents comprise approximately 62 pages of text. Based on a rough estimation, it appears to the court that about 6.5 of these pages—approximately ten percent of the total pages—exclusively address Plaintiff's

18

prayer for equitable relief. Using this ratio as a proxy for the amount of work expended solely on unsuccessful legal theories, the court will reduce the fees Plaintiff seeks for this category of billing entries by ten percent.